# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                      Case No. 09-Cr-201

MICHAEL PHILLIPS,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH AND ORDER

## NATURE OF CASE

On August 25, 2009, a federal grand jury sitting in this district returned a seven-count indictment against defendant Michael Phillips. The defendant is charged in all counts with knowingly violating regulations promulgated by the Environmental Protection Agency (EPA) for removal and disposal of asbestos in violation of 42 U.S.C. § 7413(c)(1) and 18 U.S.C. § 2.

On September 8, 2009, the defendant appeared before United States Magistrate Judge James R. Sickel for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to dismiss (Docket #11) and a motion for a bill of particulars. (Docket #12). The government opposes the motions which will be addressed herein.

## MOTION TO DISMISS INDICTMENT

The defendant moves to dismiss the indictment on the ground that the indictment, in all seven counts, fails to allege an element of the offense. Specifically, the defendant asserts that based on a recent Supreme Court case, Flores-Figueroa v. United States, ___U.S.

___,129 S.Ct. 1886 (2009), the indictment must allege that he knew of the EPA regulations at the time they were violated.

In response, the government asserts that Flores-Figueroa is distinguishable from this case. In addition, the government maintains that the decision does not contradict the long line of cases from a variety of courts holding that the "knowingly" element of § 7413 requires only that the defendant knew the underlying facts and circumstances of what he was doing, not specific knowledge of the law being violated. The government maintains that the holding of Flores-Figueroa pertains to the knowledge of facts and circumstances constituting a crime, not knowledge of the law defining the crime.

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must state all of the elements of the offense charged, be sufficiently specific to inform the defendant of the charge and to enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997). "Indictments need not exhaustively recount the facts surrounding the crime's commission." Agostino, 132 F.3d at 1189. An indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case. United States v. Sampson, 371 U.S. 75, 78-79 (1962).

In <u>United States v. Palumbo Bros., Inc.</u>, 145 F.3d 850, 860 (7th Cir. 1998), the court of appeals for this circuit summarized the standard for reviewing objections to the sufficiency of an indictment as follows:

> To properly proceed with a prosecution, the government must allege conduct violative of a federal statute. <u>United States v. Sloan</u>, 939 F.2d 499, 501 (7th Cir. 1991). An indictment must include all of the essential elements of the crimes alleged therein, and each basis for conviction must be "clearly set out in the indictment." <u>United States v. Miller</u>, 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); <u>United States v. Susanne Yoon</u>, 128 F.3d 515, 521-22 (7th Cir. 1997). In reviewing the sufficiency of an indictment, a court should consider each "challenged count as a whole and should refrain from reading it in a hypertechnical manner." <u>United States v. McNeese</u>, 901 F.2d 585, 602 (7th Cir. 1990). The indictment must be "read to include facts which are necessarily implied" and "construed according to common sense." <u>United States v. Blinder</u>, 10 F.3d 1468, 1471 (9th Cir. 1993); <u>Yoon</u>, 128 F.3d at 521-22.

Section 7413(c) provides in relevant part, that "any person who knowingly violates any requirement or prohibition of an applicable implementation plan . . . shall, upon conviction, be punished by a fine pursuant to Title 18, or by imprisonment for not to exceed 5 years or both." The defendant admits that courts have consistently held that "the statute requires knowledge only of the emissions themselves, not knowledge of the statute or of the hazards that emissions pose." <u>United States v. Buckley</u>, 934 F.2d 84, 88 (6th Cir. 1991); <u>see also</u>, <u>United States v. Alghazouli</u>, 517 F.3d 1179, 1192 (9th Cir. 2008); <u>United States v. Ho</u>, 311 F.3d 589, 605-06; <u>United States v. Weintraub</u>, 273 F.3d 139, 147 (2nd Cir. 2001); <u>United States v. Weitzenhoff</u>, 35 F.3d 1275, 1279 (9th Cir. 1993); <u>United States v. Hunter</u>, 193 F.R.D. 62, 64 (N.D. N.Y. 2000). Nevertheless, the defendant maintains that after the Supreme Court's decision in <u>Flores-Figueroa</u>, the government must allege that the he had actual knowledge of the federal regulation at the time it was violated.

- 3 -

In United States v. Cox, 577 F.3d 833, 838 (7th Cir. 2009), the court of appeals for this circuit addressed the Court's holding in Flores-Figueroa. The court observed that "the Supreme Court has recently said that, as a matter of English grammar and criminal statutory interpretation, '"knowingly" is naturally read as applying to all the subsequently listed elements of the crime." Cox, 577 F.3d at 838 (quoting Flores-Figueroa, 129 S. Ct. at 1890-91). Flores-Figueroa involved 18 U.S.C. § 1028A(a)(1) which applies to a person who (while committing other enumerated crimes) "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." Flores-Figueroa, 129 S. Ct. at 1888. The Court held that to be sentenced under § 1028A(a)(1) a person must have known that the "means of identification" they possessed belonged to "another person."

>Cox involved 18 U.S.C. § 2423(a) which reads as follows:
>
>A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

In rejecting the defendant's assertion that the government was required to prove that a defendant knew that the victim was under the age of 18, the court determined that the Court in Flores-Figueroa did not establish a rule for all circumstances making clear that "'the inquiry into a sentence's meaning is a contextual one,' and that a 'special context' might call for a different statutory interpretation." Cox, 577 F.3d at 838 (quoting Flores-Figueroa, 129 S. Ct. at 1891).

In this case, the Court's decision in Flores- Figueroa, does not affect the long-standing holding that the "knowingly" element of § 7413 requires only that the defendant knew the

- 4 -

Case 1:09-cr-00201-RTR   Filed 11/16/09   Page 4 of 8   Document 18

underlying facts and circumstances of what he was doing, not specific knowledge of the law being violated. Accordingly, a review of the indictment in this case reveals that the seven counts track the language of 42 U.S.C. § 7413(c)(1) and set forth the essential elements of the crime charged. Additionally, the counts set forth the dates of the alleged offense, the district and state in which the offense occurred and the statute violated. As long as the words of the statute involved clearly set out all of the offense's constituent elements, "it is generally sufficient that the indictment be stated in the words of the statute itself." Hamling 418 U.S. at 117-18.

Here, the indictment provides the defendant with a description of the charges against him so that he can prepare a defense and can plead double jeopardy against a subsequent prosecution. See Glecier, 923 F.2d at 492. As such, the court concludes that the counts of the indictment are sufficient and, therefore, the court will recommend that the defendant's motion to dismiss be denied.

## MOTION FOR BILL OF PARTICULARS

The defendant seeks a bill of particulars to determine what evidence, if any, exists to suggest that he had actual knowledge of the Environmental Protection Agency's asbestos regulations at the time the government alleges he violated them. He asserts that without some indication as to how the government intends to prove intent, he is unable to prepare a defense.

Rule 7(f) of the Federal Rules of Criminal Procedure allows, in conjunction with the issuance of an indictment, "for the filing of a bill of particulars –- a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). The trial court has discretion to grant or deny a request for a bill of particulars and the trial court's decision denying a bill of particulars will

not be overturned without a showing of an abuse of discretion.  United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003); Canino, 949 F.2d at 949.

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." Fassnacht, 332 F.3d at 447 (quoting United States v. Kendall, 665 F.2d 126, 134 [7th Cir. 1981]); Canino, 949 F.2d at 949.  "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." Fassnacht, 332 F.3d at 446.

"Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." Id.  Indeed, a bill of particulars is not required when a defendant can obtain the information necessary for his or her defense through "some other satisfactory form." Id. at 447 n.2 (quoting United States v. Canino, 949 F.2d 928, 949 [7th Cir. 1991]).  Further, if from reading the indictment the defendant could reasonably anticipate the evidence to be introduced at trial, the denial of the motion does not prejudice the defendant. United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985).

A review of the defendant's request for information shows that the defendant is seeking evidentiary details about how the government will prove its case against him.  Specifically the defendant seeks information regarding the way the government intends to prove that he had actual knowledge of the EPA regulations at the time he allegedly violated them.  This court has concluded, in addressing the defendant's motion to dismiss, that the court's decision in Flores-

- 6 -

Figueroa does not require that the government show that the defendant had actual knowledge of the federal regulations he allegedly violated. Rather, the government must prove that the defendant "knowingly" violated the EPA regulations at issue -- specifically that he knew the facts and circumstances of what he was doing. Simply stated, a defendant is entitled to know the offense with which he is charged, but he is not entitled to know the details of how it will be proved. Fassnacht, 332 F.3d at 446 (quoting United States v. Kendall, 665 F.2d 126, 135 [7th Cir. 1981]).

In this case, the government is following its "open file" policy and the defendant has received relevant and discoverable information contained in the government's file. "The 'open file' policy is an 'adequate satisfactory form' of information retrieval making the bill of particulars unnecessary." Canino, 949 F.2d at 949.

In sum, the indictment in this case adequately apprises the defendant of the nature of the charges against him to enable him to prepare a defense and to enable him to plead double jeopardy if a subsequent prosecution for the same offense is brought. The information sought by the defendant goes beyond the bounds of information obtainable in a bill of particulars. Furthermore, the government has provided the defendant with extensive pretrial discovery further obviating the need for a bill of particulars. See Fassnacht, 332 F.3d at 447; Canino, 949 F.2d at 949. Accordingly, the defendant is not entitled to a bill of particulars.

## CONCLUSION

**NOW, THEREFORE, IT IS RECOMMENDED** that the United States district judge enter an order **denying** the defendant's motion to dismiss. (Docket #11)

**IT IS ALSO ORDERED** that the defendant' motion for a bill of particulars be and hereby is **denied**. (Docket #12).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C), Federal Rule of Criminal Procedure 59(a) and (b), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2009.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge