# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 09-CR-201

MICHAEL PHILLIPS,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DENYING MOTION TO DISMISS THE INDICTMENT AND ALTERNATIVE MOTION FOR BILL OF PARTICULARS**

Defendant Michael Phillips is charged with seven counts of knowingly removing and disposing of asbestos in violation of EPA regulations, contrary to 42 U.S.C. § 7413(c)(1). The defendant has filed a motion to dismiss the indictment and, alternatively, a motion for a bill of particulars. Both motions are predicated upon the contention that, in order to violate Section 7413(c)(1), the defendant must have known the regulations he was violating. This contention, in turn, is based upon the Supreme Court's recent decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009).

In *Flores-Figueroa*, the Court was called upon to construe a federal criminal statute prohibiting the crime of aggravated identity theft and which mandates a 2-year prison term upon individuals convicted of certain other crimes if, during (or in relation to) the commission of those other crimes, the offender "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1) The Court held that the

language of the statute required the government to prove that the defendant knew that the means of identification he or she unlawfully transferred, possessed or used in fact belonged to another person. Phillips argues that the Court's rationale in that case mandates that Section 7413(c)(1) be interpreted as requiring knowledge of the EPA regulations that were violated. Since the indictment fails to specifically allege such knowledge, he argues it should be dismissed. Alternatively, he asks that the government be ordered to provide a bill of particulars setting forth the evidence it intends to offer that he had such knowledge at the time of the alleged offences.

As is the practice in this district, the pretrial motions were referred to the magistrate judge for disposition of recommendation. On November 16, 2009, Magistrate Judge Patricia J. Gorence issued her Recommendation that both motions be denied. Phillips has filed timely objections, and the government has now responded. Having reviewed the Recommendation, as well as the briefs and objections of counsel, I now adopt the Recommendation of the magistrate judge and deny both motions.

As an initial matter, I note that even if Phillips' interpretation of Section 7413(c)(1) were correct, the motion to dismiss the indictment should be denied. The indictment alleges the elements of the crime and sufficiently sets forth the specifics of the charge to enable the defendant to plead double jeopardy as a defense in any future prosecution of the same offense. No more is required. *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991). In truth, the legal argument Phillips has raised by his motions is premature. Should the matter go to trial, the Court will instruct the jury on the elements of the offense, including the definition of the term "knowingly" as used in Section 7413(c)(1). Phillips is free to request an instruction conveying his interpretation of the statute. It is sufficient for present purposes, however, that the indictment alleges the elements of the offense.

2

Assuming the issue was properly before me, I am in agreement with the magistrate judge's analysis of the issue, at least on the record as it now stands. In this Court's view, *Flores-Figueroa* did not overrule the long line of cases that have defined the term "knowingly," when used in a criminal statute, to mean "that the defendant realized what he/she was doing and was aware of the nature of his/her conduct, and did not act through ignorance, mistake or accident." FEDERAL CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT 4.06 (1999). *See also United States v. Cox*, 577 F.3d 833, 838 (7th Cir. 2009). It thus follows that the motion to dismiss the indictment should be denied.

It likewise follows that the motion for a bill of particulars should also be denied. The motion seeks the specific evidence upon which the government intends to rely to establish that Phillips knew of the specific EPA regulations he allegedly violated. Since specific knowledge of the regulations does not seem to be required, the government is not required to produce such evidence. More importantly, however, the government has followed its open file policy in this case, and thus Phillips has had access to all of the evidence the government has. It appears likely the government has no evidence that Phillips had specific knowledge of the EPA regulations he allegedly violated. If that is apparent from the government's file, a bill of particulars adds nothing to the equation.

Accordingly, and for the reasons sets forth here and in the magistrate judge's thorough decision accompanying her Recommendation, the motion to dismiss the indictment is denied, as is the motion for a bill of particulars.

**SO ORDERED** this   6th   day of January, 2010.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge